UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

HOOD PACKAGING CORPORATION,

      Plaintiff,

v.                        **MEMORANDUM OF LAW & ORDER**
                           Civil File No. 14-02979 (MJD/FLN)

BRIAN STEINWAGNER,

      Defendant.

---

Mary M.L. O'Brien, John E. Radmer and George H. Norris, Meagher & Geer, PLLP, Counsel for Plaintiff.

Jared D. Kemper and Timothy D. Kelly, Dykema Gosset, PLLC, Counsel for Defendant.

---

## I.    INTRODUCTION

This matter is before the Court on Defendant Brian Steinwagner's objection to the Magistrate Judge's December 4, 2014, Order [Docket No. 55] granting Plaintiff Hood Packaging's Motion to Amend Complaint [Docket No. 46].

1

## II.   BACKGROUND

This lawsuit arises out of Hood's allegations that Defendant Brian Steinwagner ("Steinwagner") breached terms of a 2009 Confidentiality, Invention, Non-Compete and Non-Solicitation Agreement with Plaintiff Hood Packaging Corporation ("Hood").  Hood filed its initial Complaint against Steinwagner on July 22, 2014.  On October 22, 2014, the Magistrate Judge issued a Scheduling Order that, in part, set a <u>Saturday</u>, November 1, 2014 deadline on all motions to amend the pleadings or add parties.

Pursuant to that Order, Hood Attorney Timothy Kelly emailed the following message to John E. Radmer, counsel to Steinwagner, on Friday, October 31, at 4:02 p.m.:

> Dear [Kelly]:
>
> Please let me know your availability for a teleconference this afternoon or Monday morning regarding Hood's proposed amended complaint.  <u>We have a Monday deadline to file our motion</u> if Mr. Steinwagner will not consent to the amended complaint or to file a stipulation if Mr. Steinwagner will consent.
>
> Thank you,
> [Radmer]

([Docket No. 63] Norris Aff., Ex. 16.1) (emphasis added).  Radmer did not attach a proposed amended complaint to his email.  Thus, at 4:18 p.m.,

Kelly responded, "[Radmer]--Did you send me a proposed amended complaint? Need to see your proposal to comment." (Id.) Without having heard from Radmer, Kelly emailed again the following Monday morning, November 3, stating, "I never received a draft amended complaint so I could not answer your question at the end of last week about consenting to an amendment. In any event, the time for the parties to amend has expired." (Id., Ex. 17.2, Email dated Monday, November 3, 2014 at 8:24 a.m.) Radmer replied to Kelly shortly thereafter:

> Dear [Kelly]:
> 
> . . .
> 
> The deadline to move to amend the complaint to add parties is actually today, so I will send over a draft amended complaint in a few minutes that adds Morris Packaging and Morris Converting. If you won't stipulate to adding those parties, then we will file a timely motion today.
> 
> Thanks,
> [Radmer]

(Id., Ex. 17.1, Email dated November 3, 2014, 9:07 a.m.) (emphasis added). About an hour later, Radmer emailed his amended complaint to Kelly, adding parties Morris Packaging, LLC, and Morris Converting, LLC, as defendants. Kelly did not consent to the amended complaint. (Id., Ex. 17.1) Thus, later that Monday,

3

November 3, Hood filed its Motion to Amend Complaint with the Court. The Court granted Hood's motion on December 4, 2014.

Steinwagner filed an objection to the Court's Order on December 11, 2014, arguing that Hood's motion was untimely under the Federal Rules of Civil Procedure 6 and Local Rule 7.1(a).

### III.   DISCUSSION

#### A.   Standard of Review

A magistrate judge's order on a nondispositive matter will be modified or set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lisdahl v. Mayo Found., 633 F.3d 712, 717 (8th Cir. 2011) (internal quotation marks omitted). A magistrate judge's order is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008).

#### B.   Rule 6(a)

Federal Rule of Civil Procedure 6(a) provides:

Rule 6. Computing and Extending Time; Time for Motion Papers

(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

<u>(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.</u>

(emphasis added). Importantly, Advisory Committee notes to Rule 6 provide that the time computation provisions of subdivision (a) are not applicable "when a fixed time to act is set." Fed. R. Civ. P. 6(a), Advisory Committee Notes (2009 Amendments).

Steinwagner argues, <u>inter alia</u>, that Hood's motion was untimely because Rule 6(a)(1)(c) does not apply to fixed-date deadlines, such as the Magistrate Judge's November 1, 2014 deadline to add parties.

In light of a court's broad discretion to manage its calendar and affairs, courts in this District have applied Rule 6 to "fixed" time periods and deadlines. See Arctic Cat Inc. v. Bombardier Recreational Prods., Inc., No. CIV. 12-2692, 2014 WL 7183813, at *2-3 (D. Minn. Dec. 16, 2014) (finding that a magistrate judge was within his discretion in applying Rule 6(a)(1)(c) to a fixed-date deadline because of "the power of the court to control its calendar and interpret and apply rules like Rule 6"); Ewald v. Royal Nor. Embassy, Civil No. 11-CV-2116, 2013 U.S. Dist. LEXIS 82509, at *7-15 (D. Minn. June 12, 2013) (finding that case law and legal commentaries support the use of judicial discretion in applying Rule 6); see also 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1162 (4th ed.) ("Courts have also invoked . . . Rule 6(a) in the context of deadlines that are set as a specified date . . . . This is consistent with the recognition that district courts should possess broad discretion in managing their calendars."); 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 6(a), Practice Commentary (2014 ed.) ("The 'last day' rule . . . does not apply to fixed-date deadlines.  What this means is that the fixed-day deadline is not automatically extended to the next 'countable' day.  But that does

not preclude the court from extending the deadline in its discretion.") (citations omitted) (emphasis in original).

Given the Magistrate Judge's authority to interpret and apply Rule 6 to Hood's Motion to Amend Complaint, and taking into consideration the Court's broad discretion in managing its calendar, the Magistrate Judge was within his discretion in granting Hood's Motion under Rule 6.

C.   **Local Rule 7.1(a)**

Local Rule 7.1(a) provides:

LR 7.1 CIVIL MOTION PRACTICE

(a) Meet-and-Confer Requirement.  Before filing a motion other than a motion for a temporary restraining order or a motion under Fed. R. Civ. P. 56, the moving party must, if possible, meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion. The moving and opposing parties need not meet in person.

(2014).  Even if this Court were to find that Hood's Motion was timely, Steinwagner argues that Hood failed to comply with the Court's meet and confer rule.  Therefore, the Court should set aside the Magistrate Judge's Order.

The Court is not persuaded by Steinwagner's argument.  Hood's counsel contacted Steinwagner's attorney on Friday, October 31, in order

to discuss the proposed amended complaint. Even under Steinwagner's interpretation of Rule 6, Hood made efforts to meet and confer in advance of the Court's deadline. Although Hood arguably demonstrated something less than diligent efforts to engage in substantial dialogue about its proposed amended complaint, the Court determines that Hood did not violate Local Rule 7.1(a).

### D. Severe Prejudice

Steinwagner argues that he is prejudiced by the Court's Order because a new scheduling order will issue that accommodates Hood's claims against the Morris Packaging defendants as well as any counterclaims the new parties may assert against Hood. However, given that Hood's claims against Morris Packaging, LLC and Morris Converting, LLC will likely arise out of substantially similar facts as those alleged against Steinwagner, the Court is satisfied that, in the interest of judicial economy, granting Plaintiff's Motion is proper.

The Court must modify or set aside any portion of the Magistrate Judge's nondispositive Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). Based on a review

of the record and the submissions by the parties, the Court concludes that the Magistrate Judge's Order is not clearly erroneous or contrary to law.

Accordingly, the Order of Magistrate Judge Franklin L. Noel dated December 4, 2014 [Docket No. 55] is **AFFIRMED**.


Date:  March 16, 2015         s/ Michael J. Davis
                              Michael J. Davis
                              Chief Judge
                              United States District Court