UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HOOD PACKAGING CORPORATION,

    Plaintiff,

v.                    **MEMORANDUM OF LAW & ORDER**
                        Civil File No. 14-02979 (MJD/FLN)

BRIAN STEINWAGNER,

    Defendant.

Mary M.L. O'Brien, John E. Radmer and George H. Norris, Meagher & Geer, PLLP, Counsel for Plaintiff.

Jared D. Kemper and Timothy D. Kelly, Dykema Gosset, PLLC, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Defendant Brian Steinwagner's Motion to Vacate, Amend or Clarify the Preliminary Injunction. [Docket No. 91] The Court heard oral argument on Friday, March 6th.

## II.    BACKGROUND

### A.    The Dispute

1

This lawsuit arises out of Hood's allegations that Defendant Brian Steinwagner ("Steinwagner") breached terms of a 2009 Confidentiality, Invention, Non-Compete and Non-Solicitation Agreement ("the Agreement") with Plaintiff Hood Packaging Corporation ("Hood").

### B.     Procedural Background

Hood filed its initial Complaint against Steinwagner on July 22, 2014.  On August 5, 2014, Hood filed a Motion for a Temporary Restraining Order and Preliminary Injunction against Steinwagner, seeking to enjoin him from violating the terms of the Agreement.  Hood's motion also requested a Court order allowing the parties to conduct expedited discovery.

On September 2, 2014, the Court entered an Order allowing expedited discovery.  On September 9, 2014, the Court granted, in part, Hood's motion for injunctive relief based on the likelihood that Hood would suffer irreparable harm if a preliminary injunction did not issue.  The injunction was to remain in effect until the earlier of June 5, 2015, or further order of this Court.

### III.   DISCUSSION

In support of his Motion to Vacate, Amend or Clarify the Injunction, Steinwagner argues that the preliminary injunction should be vacated for three

reasons: first, the Agreement was not supported by bargained-for consideration; second, the Agreement allowed "grandfather rights" to Steinwagner as to customers he brought to Hood; and third, the Agreement was not triggered by Steinwagner's June 5, 2014 departure from Hood.

### A. Standard of Review

This Court may exercise its discretion to vacate or modify an injunction. United States v. Northshore Min. Co., 576 F.3d 840, 848 (8th Cir 2009) (citation omitted). In deciding whether to vacate a preliminary injunction, the Court employs the same standards it employed when first issuing the injunction. See Baker Elec. Co-op., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir.1994). The Court considers: (1) the likelihood that the movant will succeed on the merits of its claim, (2) the threat of irreparable harm to the movant, (3) the balance between that harm and the injury that granting the injunction may inflict on other interested parties, and (4) whether the issuance of an injunction is in the public interest. Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 114 (8th Cir.1981) (en banc).

### B. Dataphase Factors

### 1. Irreparable Harm

"The absence of irreparable harm is sufficient grounds for vacating a preliminary injunction." Local Union No. 884 v. Bridgestone/Firestone, Inc., 61 F.3d 1347, 1355 (8th Cir. 1995) (quoting Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989)).

Despite extensive discovery, including several depositions and exchange of electronically stored information, Hood cannot point to any evidence of lost customers or lost sales since Steinwagner left Hood. This includes the three month period following Steinwagner's departure when no injunction was in effect. There is simply no foundation for finding that, in the remaining three months of the injunction, Hood will be faced with a threat of irreparable harm so great as to warrant further injunctive relief against Steinwagner. Therefore, the Court will order that the injunction against Steinwagner be vacated. In so ordering, however, the Court does not express any view on the merits of Hood's claims against Steinwagner.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant Brian Steinwagner's Motion to Vacate, Amend or Clarify the Preliminary Injunction [Docket No. 91] is **GRANTED.**

Dated:   March 16, 2015                          s/ Michael J. Davis
                                                 Michael J. Davis
                                                 Chief Judge
                                                 United States District Court